UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN PRIDGEN,<br><br>                                   Plaintiff,<br><br>vs.<br><br>V. PAREZ, et al.,<br><br>                                   Defendants. | Case No. 2:12-cv-01354-MMD-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(IFP App - Dkt. #3) |

This matter is before the court on Plaintiff's second Application to Proceed In Forma Pauperis (Dkt. #3). Plaintiff is proceeding in this action pro se. The court has considered the Application.

Previously, the court denied Plaintiff's first Application to Proceed In Forma Pauperis (Dkt. #1) because the court could not determine whether Plaintiff was a patient or an inmate at Northern Nevada Hills Mental Health Services. *See* Order (Dkt. #2). The Application indicated Plaintiff was incarcerated, but Plaintiff did not include a financial affidavit signed by an official of the institution or provide a statement of any and all accounts from any institution in which he was incarcerated within the last six months as required by LSR 1-2. Additionally, Plaintiff had not responded to all questions on the Application. The court directed the Clerk of the Court to mail Plaintiff two form applications (one for incarcerated persons, and one for individuals who are not) and directed Plaintiff to clearly indicate whether or not he was incarcerated and also to fully answer all of the questions on the application.

Plaintiff filed the second Application, and although he fully answered each question, he did not clearly indicate whether or not he is incarcerated. He submitted the form application for individuals who are not incarcerated. However, the Application states that he is incarcerated at 500 Galetti Way, Sparks, Nevada–the address for the Northern Nevada Hills Mental Health Services. Additionally, Plaintiff has not provided the required financial affidavit or statements from any inmate trust accounts

as the court explained in its previous Order. *See also* LSR 1-2. Accordingly, the court cannot determine whether Plaintiff is eligible to proceed in forma pauperis. Plaintiff was advised that failure to comply with the court's previous Order would result in a recommendation to the district judge that his Applicatuion be denied with prejudice.

In addition, Plaintiff has not apprised the court of his new address. *See* Mail Returned as Undeliverable (Dkt. #5). Local Special Rule 2-2 provides that a plaintiff seeking to proceed in forma pauperis "shall immediately file with the Court written notification of any change of address." LSR 2-2. Additionally, the Rule warns that failure to comply may result in dismissal of the plaintiff's case with prejudice. *Id.* The district judge's Standing Order (Dkt. #4) was mailed to Plaintiff on December 26, 2012, and it was returned as undeliverable by the U.S. Postal Service on January 7, 2013. Plaintiff has not provided a new address in compliance with LSR 2-2.

For both of these reasons,

**IT IS ORDERED** that the Clerk of the Court shall file the complaint.

**IT IS RECOMMENDED:**

1. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #3) be DENIED WITH PREJUDICE.

2. Plaintiff's complaint be DISMISSED.

Dated this 22nd day of January, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the

2

1 findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's
2 Findings and Recommendations."  The parties are advised that failure to file objections within the
3 specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153
4 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject
5 to the page limitations found in LR 7-4.